Detention Order Pending Trial
___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 11-20447

v.

VAN ROWLAND, JR.,

    *Defendant.*

_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.   Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX   (1)   The Government moved for detention at Defendant's first appearance pursuant to:

        XX   18 U.S.C. § 3142(f)(1).

        __   18 U.S.C. § 3142(f)(2).

__   (2)   A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.   Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__   (1)   Defendant is charged with an offense described in 18 US.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__   (2)   The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

   __ the date of conviction, **or**

   __ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.   Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

   __ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

   __ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

   __ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

   __ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

   __ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

   __ The probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.   Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that Defendant will not appear.

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

<u>XX</u>   by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of cond itions which will reasonably assure the safety of the community; **or**

__    by a preponderance of the evi dence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

__    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention apply, the Court will therefore consider Defendant's circumstances using the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged is Defendant's possession of a weaponafter having been convicted of a felony. From review of the affidavit supporting the Complaint, I conclude that there is a definite weight of evidence supporting this charge.

As to subsection (g)(3), I find that Defendant is 27 years of age has been a lifelong resident Saginaw County, with the except ion of approximately 1 year during which he lived in Georgia. Defendant is single and has never married. Defendant stated to Pretrial Services that he has lived with his mother for approximately the last six years, although he spent most nights with his girlfriend.

Defendant's mother, however, stated that Defendant had been living with Defendant's father. Defendant himself advised Pretrial Services during the interview that he did not know his father's address. At the hearing, defense counsel proffered that Defendant's mother would be willing to take Defendant in and have him reside at her residence. For the last two months, Defendant has been working for a lawn service earning approximately $1,300 per month. Pretrial Services reports that Defendant has had no other previous employment. Preliminary urinalysis testing was positive for marijuana.

Review of Defendant's criminal history reveals some minor offenses committed as a juvenile. In 2003, at age 19, Defendant pled guilty to misdemeanor domestic violence and was up placed on 180 days' probation. However, approximately 5 months later, Defendant violated the terms of his probation and he was sentenced to 93 days in jail. The probation violation appears to have been generated by the fact that in July 2003 Defendant was charged with felony controlled substances in a multiple-count charging document. Defendant ultimately pled guilty to Count One, which charged him with delivery and manufacture of controlled substances, less than 50 grams, and Count Three, which charged misdemeanor possession of a controlled substance (marijuana). Defendant was sentenced to concurrent terms of 280 days in jail and probation.

In March 2006, Defendant was charged with a probation violation and a bench warrant was issued. Defendant pleaded guilty to probation violation and was sentenced to continuation of probation with the addition of a boot camp requirement. Also during 2006, Defendant was charged with misdemeanor controlled substances, to which he pleaded guilty and was sentenced in June 2006 to 360 days in jail. While awaiting that

sentence, Defendant was charged and pleaded guilty to misdemeanor operating while intoxicated and giving false information to police. He was sentenced to 90 days in jail on the operating-while-intoxicated charge, and was sentenced to fines and costs on the false-information charge. Less than three weeks after being sentenced on the latter charge, Defendant was charged with felony delivery and manufacture of marijuana. He pleaded guilty to misdemeanor domestic violence and misdemeanor possession of controlled substance (marijuana). On the former charge, he was sentenced to 90 days in jail with fines and costs, and on the latter charge he was sentenced to five days in jail and fines and costs.

In May 2008, Defendant was charged with felony weapons, carrying a concealed weapon, possession of weapons by a felon, felony controlled substances, and delivery or manufacture of marijuana. He pleaded guilty to the felony carrying-a-concealed-weapon charge as well as to felony habitual offender (second offense), possession of weapons by a felon, felony firearm, and delivery or manufacture of marijuana. He received concurrent 365-day jail sentences with the exception of the felony firearm charge, to which he was sentenced to two years in prison. He was discharged from this imprisonment on April 30, 2010.

The Government proffered that Defendant also has a domestic violence third offense conviction. Pretrial Services also reports that Defendant has been previously known to have four different aliases

As I consider these facts under the standards of the Bail Reform Act, I first conclude that Defendant's consistent pattern of convictions and probation violations makes it is plainly obvious that Defendant is unwilling to abide by the conditions of

supervision. I see no legitimate reason to believe that this pattern of behavior would be changed if Defendant is placed on bond in this case. Although Defendant's family appears to be supportive, I am at the same time forced to conclude that, despite their best efforts, they have been unable to meaningfully control Defendant's behavior. Moreover, as well stated by the Second Circuit, "[w]here[as is clearly evidenced in this case] there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *U.S. v. Colombo,* 777 F.2d 96, 98-99 (2d Cir. 1985).

For all these reasons, I conclude that there are no conditions, nor any combination of conditions, I could fashion which would reasonably assure the safety of the community. The Government motion to detain will therefore be **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                                    s/ *Charles E Binder*
                                               CHARLES E. BINDER
Dated: July 14, 2011                       United States Magistrate Judge

**CERTIFICATION**

      I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Russ Perry, and served on Pretrial Services and the U.S. Marshal's Service in Bay City by other electronic means.

Date: July 14, 2011            By     s/*Jean L. Broucek*
                                       Case Manager to Magistrate Judge Binder